SHANNOPIN MINING COMPANY
and Old Republic Insurance
Company, Petitioners

v.

WORKERS' COMPENSATION
APPEAL BOARD (SEREG),
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 24, 2010.

Decided Jan. 6, 2011.

George H. Thompson, Pittsburgh, for petitioners.

Anthony J. Kovach, Uniontown, for respondent.

BEFORE: COHN JUBELIRER, Judge, and LEAVITT, Judge, and BUTLER, Judge.

OPINION BY Judge BUTLER.

Shannopin Mining Company (Employer) petitions for review of the May 19, 2010 order of the Workers' Compensation Appeal Board (Board) affirming the June 30, 2009 remand order of a Workers' Compensation Judge (WCJ) granting the Modification Petition of Joseph Sereg (Claimant). The issues before this Court are: 1) whether the WCJ issued a reasoned decision supported by substantial evidence, and 2) whether the WCJ erred in failing to make any findings of fact concerning whether Claimant voluntarily removed himself from the labor market.[1] For the following reasons, we affirm the Board's order.

On May 3, 1994, Claimant was awarded partial disability benefits for coal workers' pneumoconiosis. Claimant's 500 weeks of partial disability benefits expired on December 3, 2001. On May 23, 2002, Claimant filed a Claim petition alleging total disability due to coal workers' pneumoconiosis as of April 18, 2002, which Employer denied. The WCJ treated the Claim petition as a Modification Petition, and issued an order on July 12, 2004 granting Claimant total disability benefits, having accepted the testimony of Claimant's medical expert, Dr. Gordon Gress, as credible over

---

1. Employer lists five issues in the Statement of Questions Involved section of its brief. However, it did not address each of those issues in its Argument section as required by Pa.R.A.P. 2119. This Court will address the issues developed in Employer's Argument section. While the Rules of Appellate Procedure require that briefs conform to certain standards, and Employer's brief lacks some of the requisite elements as indicated, the deficiencies are not so substantial as to preclude this Court from effectively reviewing the issues argued. See Pa.R.A.P. 2101; *Metro. Edison Co. v. Reading Area Water Auth.*, 937 A.2d 1173 (Pa.Cmwlth.2007); *City of Chester v. Chester Redevelopment Auth.*, 686 A.2d 30 (Pa. Cmwlth.1996).

that of Employer's medical expert, Dr. Robert Pickerill. Employer appealed, arguing, *inter alia*, that the WCJ failed to issue a reasoned decision. The Board agreed, and issued an order dated September 27, 2005, remanding the matter to the WCJ "to reconsider Dr. Pickerill's testimony, make a credibility determination in regard to it, and explain that credibility determination. He may also make new credibility determinations on remand." September 27, 2005 Board Op. at 9.

On August 29, 2006, the WCJ issued an order again granting Claimant's total disability benefits based on his determinations as to the medical experts' credibility. Employer appealed the August 29, 2006 order, arguing that the WCJ again failed to issue a reasoned decision and that the credibility determinations were not supported by substantial evidence. The Board issued an order on April 28, 2008 remanding the matter for a second time to the WCJ "to reinterpret Dr. Pickerill's opinion and then to re-weigh the evidence as a whole and issue either additional Findings of Fact and Conclusions of Law on the interpretation of the medical evidence; or issue completely new findings as his decision." April 28, 2008 Board Op. at 11.

■■ The WCJ issued a third order on June 30, 2009, again granting Claimant total disability benefits after declaring Claimant's medical expert more credible than Employer's medical expert. The WCJ acknowledged that he was aware that Dr. Pickerill's opinion that Claimant could perform his last job in the coal industry was given from a pulmonary stand-

point only. Employer appealed to the Board arguing that the WCJ again failed to issue a reasoned decision. On May 19, 2010, the Board affirmed the WCJ's third order. Employer appealed to this Court.[2]

■ As stated, Employer argues that the WCJ did not issue a reasoned decision supported by substantial, competent evidence. We disagree. Section 422(a) of the Workers' Compensation Act (Act)[3] states, in relevant part:

All parties to an adjudicatory proceeding are entitled to a reasoned decision containing findings of fact and conclusions of law based upon the evidence as a whole which clearly and concisely states and explains the rationale for the decisions so that all can determine why and how a particular result was reached. The workers' compensation judge shall specify the evidence upon which the workers' compensation judge relies and state the reasons for accepting it in conformity with this section. When faced with conflicting evidence, the workers' compensation judge must adequately explain the reasons for rejecting or discrediting competent evidence. Uncontroverted evidence may not be rejected for no reason or for an irrational reason; the workers' compensation judge must identify that evidence and explain adequately the reasons for its rejection. The adjudication shall provide the basis for meaningful appellate review.

Further, "absent the circumstance where a credibility assessment may be said to have been tied to the inherently subjective circumstance of witness demeanor, some articulation of the actual objective basis for

2. "This Court's review of a Board decision is limited to determining whether the findings of fact were supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated." *Dorsey v. Workers' Comp. Appeal Bd. (Crossing Constr. Co.)*, 893 A.2d 191, 194 n. 2 (Pa. Cmwlth.2006).

3. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 834.

the credibility determination must be offered for the decision to be a 'reasoned' one which facilitates effective appellate review." *Daniels v. Workers' Comp. Appeal Bd. (Tristate Transp.)*, 574 Pa. 61, 78, 828 A.2d 1043, 1053 (2003).

 The WCJ's objective basis for crediting Dr. Gress over Dr. Pickerill was the result of a treadmill test conducted by Dr. Gress. The WCJ explained:

> This Judge was persuaded by the testimony of Dr. Gress regarding the fact that he had to stop the treadmill test after one minute because claimant's heart rate went up to 115 and he had signs of tachycardia while walking at 1.7 miles per hour at a 10% grade.

WCJ Decision of June 30, 2009 at 2. The WCJ concluded that this test result supported Dr. Gress' opinion that Claimant is totally disabled from all gainful employment, and called into question Dr. Pickerill's opinion that Claimant could perform his prior job in the coal industry. *Id.* "It is well established that the WCJ is the ultimate fact finder and is empowered to determine witness credibility and evidentiary weight. The WCJ, therefore, is free to accept or reject, in whole or in part, the testimony of any witness, including medical witnesses." *Griffiths v. Workers' Comp. Appeal Bd. (Red Lobster)*, 760 A.2d 72, 76 (Pa.Cmwlth.2000) (citation omitted). In addition, "Section 422(a) does not permit a party to challenge or second-guess the WCJ's reasons for credibility determinations. Unless made arbitrarily or capriciously, a WCJ's credibility determinations will be upheld on appeal." *Dorsey v. Workers' Comp. Appeal Bd. (Crossing Constr. Co.)*, 893 A.2d 191, 195 (Pa. Cmwlth.2006) (citation omitted).

Moreover, in the last remand to the WCJ, the Board's concern was that the WCJ did not comprehend that Dr. Pickerill opined from a pulmonary standpoint only that Claimant was capable of performing his last coal mine job as a lampman. The WCJ addressed this concern in his June 30, 2009 decision, and the Board found, accordingly, that "the WCJ did reconsider the matter, and he clarified that he was cognizant of the nature of Dr. Pickerill's testimony. The fact remains that the WCJ found the testimony not credible. Review of the record reveals the WCJ did issue a reasoned decision." May 19, 2010 Board Op. at 5. Therefore, we hold that the WCJ made an appropriate articulation of the actual objective basis for his credibility determination resulting in a reasoned decision that sufficiently facilitates effective appellate review. *Dorsey.*

 Next, Employer argues that the WCJ erred by failing to make any findings of fact as to whether Claimant voluntarily removed himself from the labor market. "A disability which forces a claimant out of the work force and into retirement is compensable under the Act. But, where the claimant suffers a disability which has no effect upon his earning power, no entitlement to benefits arises under the Act." *Republic Steel Corp. v. Workmen's Comp. Appeal Bd. (Petrisek)*, 537 Pa. 32, 37, 640 A.2d 1266, 1269 (1994). "Benefits under the Act will only be permitted where the disabling, work related injury or disease, results in a loss of earning power." *Id.* at 38, 640 A.2d at 1270.

> Where ... the claimant has not engaged in the light-duty work which was found to be available and consistent with his physical limitations in connection with the award of compensation for partial disability, his burden will be greater. First, depending upon the circumstances, the claim may be vulnerable to denial on the basis of voluntarily retirement. *See generally Republic Steel Corp. v. WCAB (Petrisek)*, 537 Pa. 32, 38, 640 A.2d 1266, 1270 (1994)(finding

that a claimant who had voluntarily retired was not entitled to benefits under the Act); [*Island Creek Coal Co. v. Workmen's Comp. Appeal Bd. (Shenego)*, 651 A.2d 1174, 1178 n. 4 (Pa. Cmwlth.1994)] (noting that the claimant would have been precluded from recovering benefits as he was retired); [*Meden v. Workmen's Comp. Appeal Bd. (Bethenergy Mines, Inc.)*, 167 Pa. Cmwlth.68, 647 A.2d 620, 624 n. 6 (1994)] (suggesting the same). Second, the claimant will not be afforded the benefit of the presumption of total disability from an inability to perform an existing light-duty job. Rather, the claimant is in the position of having to prove a negative (i.e., that there are *no* jobs available in which he could work consistent with his physical limitations). In this setting, medical testimony which concedes that a claimant retains the physical ability to accomplish light-duty work, with no vocational or other form of assessment as to why such work is not available, will be deemed fatal to the claim.

*Stanek v. Workers' Comp. Appeal Bd. (Greenwich Collieries)*, 562 Pa. 411, 426, 756 A.2d 661, 669 (2000).

In the present case, Claimant retired from the coal mining industry in March of 1989. He was found to be partially disabled as a result of coal workers' pneumoconiosis as of April 23, 1992. The WCJ did not specifically discuss voluntary withdrawal from the work force in any of its decisions, although the Board does address the issue in its April 28, 2008 opinion. The Board opined that "[m]eeting the burden under *Stanek* in the instant case would require the Claimant to demonstrate he is totally disabled from *all* gainful employment. If on remand he were to do that, the issue of retirement would be moot. If Claimant does not meet his total disability burden, no benefits are payable." Repro-

duced Record at 52a. We hold that the WCJ sufficiently addressed the issue of Claimant's loss of earning power/total disability burden in his findings of fact and conclusions of law. Specifically, the WCJ stated:

I find that claimant has been totally disabled from his coal workers' pneumoconiosis and has had a zero earning power since April 18, 2002. [ (Finding of Fact No. 10) ].

. . . .

After considering this matter on a remand for a second time, I conclude that claimant has met his burden of proving that he became totally disabled due to his coal workers' pneumoconiosis and has had a zero earning power since April 18, 2002. [ (Conclusion of Law No. 1) ].

WCJ Decision of June 30, 2009 at 3. Because the WCJ made sufficient findings of fact and conclusions of law concerning whether Claimant is totally disabled from all gainful employment, we hold that the WCJ did not err by failing to make findings as to whether Claimant voluntarily removed himself from the labor market.

For the reasons stated above, the Board's order is affirmed.

### ORDER

AND NOW, this 6th day of January, 2011, the May 19, 2010 order of the Workers' Compensation Appeal Board is affirmed.