IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeffrey D. Bertasavage, : 
                Petitioner : 
                 : 
          v. : No. 848 C.D. 2015
                 : Submitted: October 9, 2015
Workers' Compensation Appeal : 
Board (Wal Mart Stores, Inc.), : 
                Respondent : 


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE MARY HANNAH LEAVITT, Judge[1]
               HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE LEAVITT                      FILED: January 6, 2016

      Jeffrey D. Bertasavage (Claimant) petitions for review of the adjudication of the Workers' Compensation Appeal (Board) that awarded him compensation benefits for a closed period of time. In doing so, the Board affirmed the decision of the Workers' Compensation Judge (WCJ). Claimant contends the Board erred by disregarding the evidence that proved that he suffered an aggravation of his pre-existing lumbar spinal stenosis, from which he continues to be disabled. We affirm.

      Claimant worked full-time for approximately six years as a truck driver for Wal Mart Stores, Inc. (Employer). On November 28, 2012, after lifting the 100-pound door on the trailer to the truck, he developed pain in his back, right

_____

[1] This case was assigned to the opinion writer before January 4, 2016, when Judge Leavitt became President Judge.

groin, and right leg. On December 21, 2012, Claimant filed a claim petition under the Workers' Compensation Act (Act),[2] alleging that his work-related testicular and low back injuries rendered him unable to work.[3] Employer filed an answer denying the material allegations of the claim petition, and a hearing was held before the WCJ.

Claimant testified that the pain he developed on November 28, 2012, was so severe that he was unable to drive the truck to his final stop. Instead, his transportation manager, Jim Farrell, met him in Employer's parking lot and drove him to the hospital.

At the hospital, Claimant underwent diagnostic studies and received medication. His family doctor referred him to a urologist, who has been unable to help, and his attorney referred him to Robert W. Mauthe, M.D. Claimant continues to treat with Dr. Mauthe and a pain management specialist.

Claimant testified that he had treatments for low back pain in July 2011, when he slipped on a carpet. This low back pain never resolved completely, but it was minimal at the time of the November 2012 incident at work. Approximately one week before the work injury, Claimant developed pain in his right groin area. However, that pain did not radiate into his leg until he lifted the trailer door.

Claimant introduced the deposition testimony of Dr. Mauthe, who first treated Claimant on January 4, 2013. Dr. Mauthe testified that Claimant told him that he had no prior history of back or groin pain. Dr. Mauthe opined that

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.1, 2501-2708.

[3] Claimant also filed a penalty petition. The WCJ did not award a penalty, and this determination was not appealed.

Claimant suffered a work-related groin strain, which had resolved. However, the work injury had also aggravated Claimant's underlying lumbar stenosis from which Claimant had not fully recovered. Dr. Mauthe believed Claimant could not do his prior job but could work in a light-duty position. Dr. Mauthe explained that Claimant was capable of driving a truck but unable to load or unload freight or do any heavy lifting.

On cross-examination, Dr. Mauthe agreed that Claimant's emergency room record of his November 28, 2012, visit reported pain in Claimant's testicular region for a week prior to the work injury. Claimant had not reported this pain nor his history of back pain to Dr. Mauthe. Dr. Mauthe opined, nevertheless, that lifting the trailer door caused Claimant to seek medical care. Dr. Mauthe also confirmed that Claimant had undergone a neurosurgical evaluation, but his physician did not recommend surgery. In fact, Claimant's neurologic exams for lumbar radiculopathy were normal.

Employer presented the deposition testimony of Scott Naftulin, D.O., who conducted an independent medical examination (IME) on March 5, 2013. At the time of the IME, Claimant complained primarily of groin pain in the scrotal and peri-inguinal areas, radiating into his low back. Dr. Naftulin opined that Claimant's ongoing subjective complaints were related to pre-existing conditions, which included degenerative disc disease and spondylosis. Dr. Naftulin did not believe any of the pre-existing conditions were aggravated by the work injury. This opinion was based on a lack of any objective findings of an ongoing injury during the IME.

The WCJ found Claimant credible in part. The WCJ accepted Claimant's testimony that the work injury caused an increase in groin symptoms

3

and low back symptoms that disabled him from working through March 4, 2013. However, the WCJ rejected Claimant's testimony that he remained disabled due to the work injury.

The WCJ noted that both Dr. Mauthe and Dr. Naftulin agreed that there were no objective bases for Claimant to be unable to work as of March 2013. The WCJ credited Dr. Mauthe's conclusion that Claimant suffered a work injury on November 28, 2012, but he rejected Dr. Mauthe's opinion that the work injury caused an aggravation of Claimant's degenerative disc disease that resulted in an inflammatory condition of the spine. The WCJ reasoned that Dr. Mauthe's opinion was based on an inaccurate medical history provided by Claimant. Further, there was inconsistent testimony by Claimant and Dr. Mauthe about the efficacy of Dr. Mauthe's treatment. Claimant testified that injections to the L5-S1 region did not give him relief, but Dr. Mauthe testified that these injections did relieve Claimant's pain. Dr. Mauthe based his opinion that Claimant suffered an inflamed spine on his belief that injections had relieved Claimant's symptoms, but this belief was unfounded.

The WCJ credited Dr. Naftulin's opinion that Claimant's pre-existing conditions were not aggravated by the work injury because his opinion was based upon Claimant's objectively normal IME findings. However, the WCJ rejected Dr. Naftulin's determination that Claimant had not suffered a work injury on November 28, 2012.

In sum, the WCJ found that Claimant established a work injury on November 28, 2012, consisting of a groin and lumbar strain, which disabled him from working through March 4, 2013. Claimant failed to establish that he suffered

4

any disability from March 5, 2013, onward. Thus, Claimant was determined to be fully recovered as of that date, which terminated benefits.

Claimant appealed to the Board, asserting that the WCJ disregarded the evidence of record. The Board held that the WCJ did not disregard the record evidence. Rather, the WCJ made credibility determinations, which were supported by the record. Claimant petitioned for this Court's review.[4]

On appeal, Claimant contends that the Board erred because the WCJ disregarded substantial evidence that proved that Claimant suffered an aggravation of a pre-existing condition.

The claimant has the burden of proving all elements necessary to support an award of benefits. *Inglis House v. Workmen's Compensation Appeal Board (Reedy),* 634 A.2d 592, 595 (Pa. 1993). "To establish a work-related aggravation of a pre-existing condition, a claimant must show a causal connection between work and the aggravation." *Dorsey v. Workers' Compensation Appeal Board (Crossing Construction Company)*, 893 A.2d 191, 195 n.5 (Pa. Cmwlth. 2006). This is established by showing "the aggravation arose in the course of employment and was related thereto." *Id*.

The WCJ is the ultimate fact finder and is authorized "to determine witness credibility and evidentiary weight." *Shannopin Mining Company v. Workers' Compensation Appeal Board (Sereg)*, 11 A.3d 623, 627 (Pa. Cmwlth. 2011). As such, the WCJ "is free to accept or reject, in whole or in part, the testimony of any witness, including medical witnesses." *Id.* (quoting *Griffiths v.*

---

[4] This Court's review of a workers' compensation adjudication determines whether an error of law or a constitutional violation was committed or whether the findings of fact are supported by substantial, competent evidence. *Myers v. Workers' Compensation Appeal Board (University of Pennsylvania and Alexsis, Inc.)*, 782 A.2d 1108, 1110 n. 1 (Pa. Cmwlth. 2001).

*Workers' Compensation Appeal Board (Red Lobster)*, 760 A.2d 72, 76 (Pa. Cmwlth. 2000)).

Claimant argues that he presented ample evidence to establish that his work injury included an aggravation of his degenerative lumbar stenosis, which was disregarded by the WCJ. Claimant contends there is no explanation for his inability to work other than the aggravation of his pre-existing injury. Employer responds that the WCJ is the finder of fact and credibility.

Dr. Mauthe testified that the work injury caused an aggravation of Claimant's underlying degenerative lumbar stenosis. However, the WCJ rejected this opinion because it was based, in part, on Claimant's inaccurate report to Dr. Mauthe that he did not have a history of back pain. Dr. Mauthe also opined that the relief Claimant experienced after therapeutic injections at the L5-S1 area established Claimant had an inflammatory condition of the spine. However, Claimant credibly testified the injections did not provide him with relief, the effect of which was to undermine Dr. Mauthe's opinion that Claimant's spine was inflamed.

Dr. Naftulin testified that Claimant reported to him that he had never suffered back pain. However, Claimant's treatment history established the contrary. Imaging studies revealed Claimant's degenerative disc and arthritic changes, *i.e.*, spondylosis. Dr. Naftulin disagreed with Dr. Mauthe's diagnosis of an aggravation of lumbar stenosis, explaining that the mechanism of Claimant's injury and his subsequent symptomology did not support that diagnosis. Further, the performance of a lumbar epidural steroid injection, whether or not there was improvement thereafter, would not establish lumbar stenosis to a medical certainty.

Employer presented sufficient evidence in support of its claim that Claimant did not sustain an aggravation of a pre-existing condition. Claimant does not argue that Employer's evidence is insufficient. Instead, he focuses on his evidence, which he claims the WCJ failed to consider. Here, each party presented evidence that, if accepted by the WCJ, was sufficient to support their respective claims. However, on the issue of aggravation, it was Employer's evidence that was found credible.

As held by the Board, the WCJ did not disregard compelling evidence. The WCJ simply accepted the testimony of Employer's medical expert over that of Claimant's medical expert on the issue of aggravation. The WCJ is free to accept the testimony of any medical witness, in whole or in part. *Shannopin Mining Company*, 11 A.3d at 627. Claimant has failed to establish error.

Accordingly, the order of the Board is affirmed.

_____
MARY HANNAH LEAVITT, Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jeffrey D. Bertasavage, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 848 C.D. 2015 |
| | : | |
| Workers' Compensation Appeal | : | |
| Board (Wal Mart Stores, Inc.), | : | |
| Respondent | : | |

# **O R D E R**

AND NOW, this 6th day of January, 2016, the order of the Workers' Compensation Appeal Board, dated April 28, 2015, is AFFIRMED.

_____
MARY HANNAH LEAVITT, Judge