**Robert DORSEY, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (CROSSING CONSTRUCTION COMPANY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 23, 2005.

Decided Feb. 24, 2006.

Thomas J. O'Brien, Philadelphia, for petitioner.

Marta J. Guhl, Philadelphia, for respondent.

BEFORE: COLINS, President Judge, and SIMPSON, Judge, and LEAVITT, Judge.

OPINION BY Judge SIMPSON.

Robert Dorsey (Claimant) petitions for review of the decision of the Workers' Compensation Appeal Board (Board) which affirmed the decision of the Work-

ers' Compensation Judge (WCJ) denying Claimant's claim petition. Claimant contends the WCJ's decision rejecting his medical evidence violates the reasoned decision requirements of Section 422(a) of the Workers' Compensation Act.[1] We affirm.

Claimant, a carpenter, has a history of knee problems. He had meniscectomy surgery on his right knee in 1978 and on his left knee in 1981. He had no further problems with his knees until the late 1990s. In August 2000, he was told by his treating orthopedic surgeon, Dr. Leo Raisis (Claimant's Physician), that he would need bilateral knee replacements.

Claimant began working for Employer in February 2001. He had bilateral knee pain before he started this job. His work activities involved carrying wooden forms into which concrete was poured. He also climbed ladders and built scaffolding.

Claimant informed Employer of a knee problem in October 2002. By November 2002, Claimant's knee pain became so great he was unable to work. He had his right knee replaced in December 2002 and his left knee replaced in April 2003. Both operations were performed by Claimant's Physician.

Thereafter, Claimant filed a claim petition alleging a work-related aggravation of a pre-existing arthritic condition in both knees, cumulative to October 2002. He claims total disability as of November 2002. Employer filed a timely answer denying Claimant's material allegations.

Claimant testified, and he submitted Claimant's Physician's deposition. By way of background, Claimant's Physician explained he first examined Claimant in July 2000. At that time, Claimant related his history of knee surgeries in 1978 and 1981. On examination, Claimant's knees showed bowing of approximately five degrees, and x-rays showed a narrowing of the medial compartment of both knees. Claimant's Physician diagnosed Claimant's condition as bilateral knee osteoarthritis. On subsequent visits, Claimant's condition remained the same. Claimant's Physician re-examined Claimant in April 2002. At that time, Claimant complained of worsening symptoms. He was diagnosed with progressing osteoarthritis.

By way of opinion, Claimant's Physician testified Claimant's physically demanding job with Employer put stress on his knees and aggravated his knee problems. This opinion was rejected by the WCJ.

Claimant's Physician acknowledged that in August 2000 he discussed with Claimant the future need for bilateral knee replacements as a result of his prior surgeries. Also, on cross-examination Claimant's Physician testified he did not review the records of Dr. Krasner (Family Physician) and Dr. Schwartz (Rheumatologist). These records indicate Claimant complained of bilateral knee pain in 1995 and 1999.

Employer submitted the deposition of Dr. David Bosacco (Employer's Physician), an orthopedic surgeon whose opinions were accepted by the WCJ. Employer's Physician examined Claimant in September 2003. At that time, Claimant's symptoms were mild pain and swelling in both knees. Employer's Physician also reviewed Claimant's medical records, including those of Family Physician. Claimant's July 2000 x-rays revealed bilateral degenerative arthritis.

Employer's Physician diagnosed Claimant's condition as degenerative arthritis of both knees. The doctor agreed with Claimant's Physician that Claimant could

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 834.

not perform his pre-injury construction job. However, Employer's Physician opined Claimant's job with Employer did not substantially contribute to his arthritic condition. Rather, the doctor opined that Claimant's meniscectomy surgeries in 1978 and 1981 predisposed him to premature osteoarthritis.

The WCJ accepted as credible Employer's Physician's testimony "that Claimant's work with [Employer] did not substantially contribute to his disability or the need for his knee replacements." WCJ Op., Finding of Fact (F.F.) No. 5. The WCJ explained his definitive credibility finding which resolved the dispute as to causation:

> In making this determination, the undersigned considered it extremely significant that [Claimant's Physician] had told the Claimant before he began work for [Employer] that he would need knee replacements. It was also considered significant that [Claimant's Physician] did not review as many of Claimant's prior treatment records as did [Employer's Physician].

*Id.* Based on this finding, the WCJ concluded Claimant failed to prove a compensable injury.

On appeal, the Board affirmed. Claimant petitions for review.[2]

Claimant argues the WCJ's decision fails to meet the "reasoned decision" requirements of Section 422(a) of the Act.[3] In particular, he challenges both of the reasons given to support the credibility finding. First, Claimant contends the WCJ improperly rejected Claimant's Physician's opinion on the ground the doctor predicted Claimant's ultimate need for knee replacements prior to his job with Employer. Second, Claimant contends the WCJ improperly rejected Claimant's Physician's opinion due to his not reviewing as many of Claimant's prior treatment records as Employer's Physician.

To constitute a reasoned decision within the meaning of Section 422(a), a WCJ's decision must permit adequate appellate review.[4] *Daniels v. Workers' Comp. Appeal Bd. (Tristate Transp.)*, 574 Pa. 61, 828 A.2d 1043 (2003). Where medical experts testify by deposition, a WCJ's resolution of conflicting evidence must be supported by more than a statement that one expert is deemed more credible than another. *Id.* "[S]ome articulation of the

---

2. This Court's review of a Board decision is limited to determining whether the findings of fact were supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Minicozzi v. Workers' Comp. Appeal Bd. (Indus. Metal Plating, Inc.)*, 873 A.2d 25 (Pa. Cmwlth.2005).

3. Section 422(a) provides:

   All parties to an adjudicatory proceeding are entitled to a reasoned decision containing findings of fact and conclusions of law based upon the evidence as a whole which clearly and concisely states and explains the rationale for the decisions so that all can determine why and how a particular result was reached. The [WCJ] shall specify the evidence upon which the [WCJ] relies and state the reasons for accepting it in con-

formity with this section. *When faced with conflicting evidence, the [WCJ] must adequately explain the reasons for rejecting or discrediting competent evidence.* Uncontroverted evidence may not be rejected for no reason or for an irrational reason; the [WCJ] must identify that evidence and explain adequately the reasons for its rejection. The adjudication shall provide the basis for meaningful appellate review.

   77  P.S. § 834 (emphasis added).

4. Section 422(a) does not require the WCJ to discuss all of the evidence presented. *Montgomery Tank Lines v. Workers' Comp. Appeal Bd. (Humphries)*, 792 A.2d 6 (Pa.Cmwlth. 2002). The WCJ is only required to make the findings necessary to resolve the issues raised by the evidence and relevant to the decision. *Id.*

actual objective basis for the credibility determination must be offered for the decision to be a 'reasoned' one which facilitates effective appellate review." *Id.* at 78, 828 A.2d at 1053.

■ There are countless objective factors which may support a WCJ's credibility determinations. *Id.* These factors must be identified and articulated. *Id.*

■ However, Section 422(a) does not permit a party to challenge or second-guess the WCJ's reasons for credibility determinations. *Kasper v. Workers' Comp. Appeal Bd. (Perloff Bros.),* 769 A.2d 1243 (Pa.Cmwlth.2001). Unless made arbitrarily or capriciously, a WCJ's credibility determinations will be upheld on appeal. *Id.; Empire Steel Castings, Inc. v. Workers' Comp. Appeal Bd. (Cruceta),* 749 A.2d 1021 (Pa.Cmwlth.2000).

■ Here, Claimant challenges the two reasons given by the WCJ for discrediting Claimant's Physician's testimony. Employer responds that the WCJ's explanation for rejecting Claimant's Physician's testimony satisfies Section 422(a)'s requirements for a reasoned decision. It further asserts Claimant failed to prove a work-related aggravation of a pre-existing condition.[5]

Claimant advances several arguments why Claimant's Physician's August 2000 prediction of Claimant's future need for knee replacements does not provide a valid

reason for discrediting the doctor's opinion that Claimant's work for Employer substantially contributed to his disability. Claimant contends: (1) the term "injury" as defined in Section 301(c) of the Act, 77 P.S. § 512, requires an assessment without regard to pre-existing conditions; (2) the WCJ needed to address the timing of Claimant's surgery in determining whether he suffered a work-related injury on the date the claim petition alleged; and (3) precedent recognizes the concept of cumulative injury from daily repetitive trauma.

Next, Claimant argues his expert's failure to review Family Physician's records did not provide a valid basis for discrediting Claimant's Physician's testimony. These records, Claimant contends, were unnecessary because Claimant's Physician was well aware that Claimant's knee condition pre-dated his work for Employer.

■ We decline Claimant's invitation to dissect and analyze each of the WCJ's reasons for his credibility determination. *Kasper.* Determining the credibility of the witnesses is the quintessential function of the fact finder. *Id.* "It is not an exact science, and the ultimate conclusion comprises far more than a tally sheet of its various components." 769 A.2d at 1246.

Instead, we must determine whether the WCJ articulated an "actual objective basis" for discrediting Claimant's Physician's testimony. *Daniels.* As stated above, there are "countless objective factors"

---

**5.** To establish a work-related aggravation of a pre-existing condition, a claimant must show a causal connection between work and the aggravation. *Chick–Fil–A v. Workers' Comp. Appeal Bd. (Mollick),* 792 A.2d 678 (Pa. Cmwlth.2002). The claimant must prove the aggravation arose in the course of employment and was related thereto. *Id.* Where there is no obvious connection between work and the aggravation, unequivocal medical evidence is required. *Id.*

Further, "[w]here there are alleged competing causes for disability, the claimant must establish that the work-related injury was a substantial, contributing factor to that disability." *Pokita v. Workmen's Comp. Appeal Bd. (U.S.Air),* 163 Pa.Cmwlth.97, 639 A.2d 1310, 1312 (1994). The WCJ, as fact-finder, may accept or reject the testimony of any witness, including a medical witness, in whole or in part. *McNulty v. Workers' Comp. Appeal Bd. (McNulty Tool & Die),* 804 A.2d 1260 (Pa. Cmwlth.2002).

which may support the WCJ's credibility determinations. *Id.*

Here, the WCJ found it extremely significant that prior to the start of Claimant's job with Employer, Claimant's Physician advised him he would need knee replacement surgery at some point in the future. This reason is clearly supported in the record. F.F. No. 5; Reproduced Record (R.R.) at 92a. This reason permits verification during appellate review, and it is alone sufficient to support a credibility finding.

The WCJ also found it significant that Claimant's Physician did not review as many of Claimant's prior treatment records as did Employer's Physician. This reason is also supported by the record. Claimant's Physician did not review Family Physician's records. F.F. No. 3e; R.R. at 83a. Employer's Physician did; these records reflect a history of knee problems. F.F. No. 4e; R.R. at 116a–18a. This reason also permits verification during appellate review, and it is alone sufficient to support a credibility finding.

 "[T]he purpose of a reasoned decision is to spare the reviewing court from having to *imagine* why the WCJ believed one witness over another." *Lewis v. Workers' Comp. Appeal Bd. (Disposable Prods.)*, 853 A.2d 424, 429 (Pa.Cmwlth. 2004). Where the WCJ fails to provide an objective basis for his credibility determinations, effective appellate review is precluded. *Id.*

Because the WCJ stated verifiable reasons for his credibility determination, his decision meets Section 422(a)'s reasoned decision requirements. *Budd Co. v. Workers' Comp. Appeal Bd. (Kan)*, 858 A.2d 170 (Pa.Cmwlth.), *appeal denied*, 580 Pa. 716, 862 A.2d 1257 (2004) (review of deposition testimony to verify existence of evidence supporting reason for credibility finding). Claimant's argument to the contrary fails.

*ORDER*

AND NOW, this 24th day of February, 2006, the order of the Workers' Compensation Appeal Board is **AFFIRMED.**