# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rashida Mathis,  :
                Petitioner  :
  :
      v.  : No. 486 C.D. 2016
  : Submitted: November 23, 2016
Workers' Compensation Appeal  :
Board (Southeastern Pennsylvania  :
Transportation Authority),  :
           Respondent  :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
             HONORABLE JULIA K. HEARTHWAY, Judge
             HONORABLE JOSEPH M. COSGROVE, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**             **FILED: March 29, 2017**

Rashida Mathis (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed an order of a Workers' Compensation Judge (WCJ) granting her claim petition for cervical and lumbar sprains and strains for a limited period during 2011. Claimant contends the Board erred in affirming the WCJ's decision because the WCJ failed to issue a reasoned decision as required by Section 422(a) of the Workers' Compensation Act (Act).[1] In particular, Claimant asserts the WCJ failed to set forth the reasons why she rejected the testimony of one of Claimant's medical witnesses who opined that Claimant suffered from ongoing work-related injuries. Upon review, we affirm.

---

[1] Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §834. To satisfy Section 422(a), a WCJ's decision must permit adequate appellate review. Gumm v. Workers' Comp. Appeal Bd. (Steel), 942 A.2d 222 (Pa. Cmwlth. 2008).

## I. Background

### A. Evidence

The WCJ found the following facts. Claimant worked for the Southeastern Pennsylvania Transportation Authority (SEPTA or Employer) as a bus operator. In May 2011, while searching a bus for a missing wallet, Claimant slipped on steps near the back exit of the bus and fell backward. She twisted her left ankle, and struck her head, neck and lower back. She also lost consciousness. An ambulance transported Claimant to the emergency room. At the hospital, Claimant received medication, and she was discharged. Shortly thereafter, Claimant notified her supervisor that she suffered a work-related injury. Claimant also completed and signed an Operator's Accident Report.

In June 2011, Employer filed a notice of compensation denial denying that Claimant suffered a work-related injury in May 2011. However, Employer also introduced a statement of wages indicating Claimant's average weekly wage of $1,126.72 with a compensation rate of $751.18.

In response, Claimant filed a claim petition alleging injuries to her head, neck, back, left ankle and foot sustained on May 24 2011, when she slipped and fell in the course of her employment. Employer filed an answer denying Claimant's material allegations.

Claimant testified by deposition that she treated with a panel physician for approximately one month before she began treatment with Dr. Frances C. Hunter (Claimant's Physician), her primary care physician. Claimant's

2

Physician prescribed physical therapy three times per week along with Oxycodone and Xanax for Claimant's pain complaints. Claimant remained unable to return to work in any capacity because she could not sit for a long period of time, turn her neck, or drive. Claimant also treated with Dr. Sophia Lam for pain management of her neck and lower back.

Claimant also testified before the WCJ in November 2012. She alleged continued pain radiating from her neck down her left arm, and from her low back down her left leg. Claimant stated she thought she could return to work in a sedentary capacity. However, Claimant denied that she had the ability to return to her pre-injury bus driver position. In particular, Claimant noted that her medications, Percocet and Xanax, precluded her from driving a SEPTA bus.

In addition, Claimant acknowledged the occurrence of three prior work-related accidents, one of which happened in 2009 and involved her head, neck, and back. However, Claimant ultimately returned to work without restrictions following these injuries.

Claimant also acknowledged several disciplinary issues and write-ups at SEPTA in 2010 and 2011. These included her involvement in two motor vehicle accidents involving a SEPTA bus.

In support of her petition, Claimant presented the deposition testimony of her Physician, who practices internal and family medicine. She first examined Claimant in June 2011. She diagnosed Claimant with cervical, thoracic

and lumbar sprain and strain, left ankle/foot sprain and strain, and radiculopathy in Claimant's upper and lower extremities. Claimant's Physician related all these injuries to Claimant's May 2011 slip and fall work incident.

As discussed above, Claimant's Physician prescribed Xanax and Oxycodone for Claimant's pain. She also prescribed physical therapy three times a week. In August 2011, Claimant underwent MRIs of her cervical and lumbar spine. The MRIs showed degenerative disc disease, arthritis, and herniations in Claimant's cervical and lumbar spine. Claimant's Physician also referred Claimant to Dr. Lam for pain management.

Further, Claimant's Physician denied that Claimant's sprain and strain injuries resolved, despite the fact that she made such a statement in an October 24, 2011 report. Also, Claimant's Physician did not order an EMG to confirm her diagnosis of cervical and lumbar radiculopathy, which was based on Claimant's subjective complaints. In addition, Claimant's Physician admitted that she was unaware of Claimant's prior neck and low back injuries and that in 2009 Claimant received treatment for these injuries from Dr. Mark Avart, the same doctor that Claimant's Physician referred Claimant to for treatment of her 2011 work injury.

Claimant also submitted the deposition testimony of Dr. Lam, a board-certified anesthesiologist with a sub-practice in pain management. Dr. Lam first examined Claimant in October 2011, more than four months after the work incident. At that time, Claimant denied any prior neck or low back injuries. Claimant complained of neck pain radiating down her left arm. She also denied

the ability to lift anything or perform repetitive motions with her left arm. Claimant also complained of ongoing low back problems.

Dr. Lam's physical examination revealed a limited range of motion in Claimant's cervical and lumbar spine. The doctor also noted evidence of radiculopathy in Claimant's upper and lower extremities. After reviewing Claimant's MRI studies, Dr. Lam opined that Claimant sustained herniations at C5-6 and L1-2. Dr. Lam also observed evidence on the MRI of degenerative disc disease at those vertebrae.

Notably, Dr. Lam treated Claimant on three occasions between October 2011 and February 2012. She diagnosed Claimant with cervical and lumbar sprains and strains, and herniations at C5-6 and L1-2, along with accompanying radiculopathy. Dr. Lam opined Claimant cannot return to work as a SEPTA bus driver.

In opposition to Claimant's petition, Employer submitted the deposition testimony of two physicians who performed independent medical evaluations (IMEs) of Claimant. Dr. Richard I. Katz (IME Neurologist), a board-certified neurologist and neurophysiologist, examined Claimant on January 23, 2012. Claimant presented with complaints of ongoing pain in her head, neck, low back, and left foot and ankle. Claimant also complained of diminished sensation in her hands and fingers.

IME Neurologist found Claimant's neurological examination to be completely normal. He discovered no objective findings of any radiculopathy in either Claimant's neck or lower back. He also disputed Dr. Lam's diagnosis of radiculopathy because Dr. Lam based her diagnosis on Claimant's subjective complaints, not on any objective findings.

Further, IME Neurologist determined Claimant did not sustain any work-related injuries as a result of her May 2011 slip and fall. At the most, Claimant sustained sprain and strain injuries from the fall. As of his January 23, 2012 examination, IME Neurologist opined, Claimant fully recovered from any and all injuries, including any sprain and strains. After reviewing Claimant's job description as a SEPTA bus operator, IME Neurologist opined Claimant could return to her pre-injury position without restrictions.

Employer also submitted the deposition testimony of Dr. Menachem M. Meller (IME Orthopedist), a board-certified orthopedic surgeon who examined Claimant on January 27, 2012. When providing her history to IME Orthopedist, Claimant denied any prior injuries. However, IME Orthopedist reviewed medical records from Dr. Avart showing Claimant sustained neck and lower back injuries in a 2009 motor vehicle accident. Those records indicated Claimant had ongoing pain complaints for six months following the 2009 injury.

IME Orthopedist also reviewed Claimant's records from the hospital emergency room and from Claimant's Physician, which showed no evidence of trauma and indicated that all imaging studies were normal. IME Orthopedist's

6

physical examination revealed only non-specific complaints of pain by Claimant. Further, the doctor found no evidence of tenderness or swelling in Claimant's neck, lower back or left foot and ankle. IME Orthopedist made no objective findings of any work-related injuries during examination. He opined Claimant could return to her pre-injury job as a bus driver without restrictions or the need for any additional medical treatment.

In sum, IME Orthopedist opined that if Claimant sustained any injuries from an alleged slip and fall, they were only in the nature of sprain and strains. Moreover, they fully resolved as of the date of IME Orthopedist's examination.

Employer also presented testimony from two fact witnesses, members of Employer's management, regarding Claimant's disciplinary history with Employer. However, the WCJ found their testimony to be equivocal because Employer did not terminate Claimant prior to her work injury.

### B. WCJ's Decision

After reviewing the evidence, the WCJ made the following dispositive finding as to Claimant's injuries (with emphasis added):

> 10. Having reviewed all of the evidence of record, this Judge finds that Claimant did suffer a work injury on May 24, 2011, as documented by the emergency room records. However, those same records confirm there was no swelling about the foot and ankle upon examination on the day of the injury and that she was unsure if she had hit her head at that time. <u>In addition, Claimant was not forthcoming to her physicians that she had pre-</u>

7

existing injuries to her neck and back. The opinions of [Claimant's Physician] and Dr. Lam, who were unaware of the prior injuries, are accepted as credible in part. This Judge finds that Claimant did sustain lumbar and cervical sprains and strains as a result of the work injury, but also finds that Claimant had recovered from said injuries as of October 24, 2011. This Judge does not find that Claimant sustained any injuries to her head or to her right ankle and foot as alleged, and this Judge does not find that Claimant's cervical and lumbar sprains and strains aggravated any underlying condition seen on MRI study or caused any type of radiculopathy. [Claimant's Physician] testified that her October 24, 2011 report indicating that Claimant's sprain and strain injuries had resolved was incorrect and was a typo, however, this Judge rejects [Claimant's Physician's] testimony as not credible since October 24, 2011 report is consistent with her October 10, 2011 report which notes an improvement of Claimant's sprain and strain injuries and states that they are 'resolving.' ([See Dep. of Dr. Meller, 7/24/12, at 23-24; R.R. at 240-41]). Furthermore, [Claimant's Physician's] opinions set forth in her reports that Claimant's sprain and strain injuries had resolved is consistent with the opinions of both [IME Orthopedist] and [IME Neurologist].

WCJ's Op., 1/2/15, Finding of Fact (F.F.) No. 10.

In Finding of Fact No. 12, the WCJ found Claimant's testimony credible in part. Specifically, the WCJ found Claimant sustained a work injury on May 24, 2011. However, the WCJ rejected Claimant's testimony of ongoing disability after October 24, 2011, the date Claimant's Physician's medical reports indicated that Claimant's work injuries resolved. F.F. No. 12.

In sum, the WCJ found that Claimant, as a result of her May 2011 slip and fall at work, sustained work injuries in the nature of lumbar and cervical

8

sprains and strains. F.F. No. 10. However, as indicated by Claimant's Physician's October 10 and 24, 2011 reports, and IME Orthopedist's review of those reports, Claimant's injuries resolved as of October 24, 2011. Id. The WCJ also rejected Claimant's testimony as to any ongoing disability based on Claimant's Physician's reports. F.F. No. 12.

Further, the WCJ found that Claimant did not sustain any injuries to her head, right ankle or foot. F.F. No. 10. The WCJ further found that Claimant's lumbar and cervical sprains and strains did not aggravate any pre-existing conditions noted in an MRI study or cause any type of radiculopathy. Id.

Accordingly, the WCJ determined Claimant proved she sustained work-related injuries consisting of cervical and lumbar sprains and strains on May 24, 2011, which rendered her totally disabled through October 23, 2011. Conclusion of Law (C.L.) No. 2. However, Claimant failed to establish any continuing disability after that date. C.L. No. 3.

On appeal, the Board affirmed, noting the WCJ's findings were supported by substantial evidence and her credibility determinations met the reasoned decision requirements. Claimant petitions for review.[2]

---

[2] This Court's review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. 2 Pa. C.S. §704; Phoenixville Hosp. v. Workers' Comp. Appeal Bd. (Shoap), 81 A.3d 830 (Pa. 2013).

## II. Discussion

### A. Argument

Claimant contends the Board erred in affirming the WCJ's decision where the WCJ did not explain the basis for her rejection of Dr. Lam's testimony that Claimant sustained cervical and lumbar sprains and strains, and herniations at C5-6 and L1-2, with accompanying radiculopathy. Dr. Lam also opined that Claimant could not return to her pre-injury job as a SEPTA bus driver.

More specifically, Claimant contends the WCJ's findings fail the reasoned decision requirement in Section 422(a) of the Act. This provision pertinently states:

> All parties to an adjudicatory proceeding are entitled to a reasoned decision containing findings of fact and conclusions of law based upon the evidence as a whole which clearly and concisely states and explains the rationale for the decisions so that all can determine why and how a particular result was reached. The [WCJ] shall specify the evidence upon which the [WCJ] relies and state the reasons for accepting it in conformity with this section. When faced with conflicting evidence, the [WCJ] must adequately explain the reasons for rejecting or discrediting competent evidence. Uncontroverted evidence may not be rejected for no reason or for an irrational reason; the [WCJ] must identify that evidence and explain adequately the reasons for its rejection. The adjudication shall provide the basis for meaningful appellate review.

77 P.S. §834.

Here, Claimant first acknowledges that the WCJ adequately explained her reasons for rejecting the testimony of Claimant's Physician. As such, this finding allows for meaningful appellate review.

However, Claimant contends the WCJ failed to indicate what parts of Dr. Lam's testimony she accepted and what parts she rejected. Most importantly, Claimant argues, the WCJ did not explain her reasoning for rejecting Dr. Lam's testimony as to the nature of the injury or the related disability. A WCJ must state an actual objective basis for her credibility determinations regarding deposition testimony. Michel v. Workers' Comp. Appeal Bd. (U.S. Steel Corp.), 966 A.2d 643 (Pa. Cmwlth. 2009). Because the WCJ failed to explain her reasons for rejecting Dr. Lam's testimony, Claimant asserts the WCJ's decision does not contain sufficient information to permit meaningful appellate review.

**B. Analysis**

To satisfy the reasoned decision requirements of Section 422(a) of the Act, 77 P.S. §834, a WCJ must set forth the rationale for the decision by specifying the evidence relied upon and reasons for accepting it. Daniels v. Workers' Comp. Appeal Bd. (Tristate Transp.), 828 A.2d 1043 (Pa. 2003); Dorsey v. Workers' Comp. Appeal Bd. (Crossing Constr. Co.), 893 A.2d 191 (Pa. Cmwlth. 2006). When conflicting evidence is presented, the WCJ must adequately explain the reasons for rejecting or discrediting competent evidence. Daniels. The WCJ may not reject uncontroverted evidence without reason or for an irrational reason, but must identify such evidence and adequately explain the reasons for its rejection. Id. "[T]he purpose of a reasoned decision is to spare the reviewing court from

11

having to imagine why the WCJ believed one witness over another." Dorsey, 893 A.2d at 196 (citation omitted).

"Where medical experts testify by deposition, a WCJ's resolution of conflicting evidence must be supported by more than a statement that one expert is deemed more credible than another." Id. at 194. To allow effective appellate review, the WCJ must articulate an objective basis for the credibility determination. Id. at 194-95. Although there are countless objective factors that may support a credibility determination, these factors must be identified and enunciated. Id.

"However, Section 422(a) does not permit a party to challenge or second-guess the WCJ's reasons for credibility determinations." Id. at 195. "Unless made arbitrarily or capriciously, a WCJ's credibility determinations will be upheld on appeal." Id.

In Finding of Fact No. 10, the WCJ noted the opinions of Claimant's Physician and Dr. Lam, "who were unaware of [Claimant's] prior injuries," were accepted as "credible in part." F.F. No. 10 (emphasis added). The WCJ then stated that she found "Claimant did sustain lumbar and cervical sprains and strains as a result of the work injury …." Id. (emphasis added). However, the WCJ also found that these injuries resolved as of Claimant's Physician's October 24, 2011 report." Id.

12

In Finding of Fact No. 10, the WCJ also cites IME Orthopedist's deposition testimony at pages 23-24. When asked the significance of Claimant's Physician's reports containing her conclusions that Claimant's sprains and strains resolved, IME Orthopedist replied, "It meant that the soft tissue injury had healed." Meller Dep. at 23-24; R.R. at 240-41. IME Orthopedist then explained that Claimant's Physician's October 10 report indicated that Claimant's sprains and strains were resolving, but were not quite there yet. Meller Dep. at 24; R.R. at 241. Claimant's Physician's October 24 report noted that Claimant's sprains and strains resolved. Id.

The WCJ also noted that Claimant's Physician's opinion in her October 2011 reports that Claimant's sprains and strains resolved was consistent with the opinions of IME Orthopedist and IME Neurologist. F.F. No. 10.

In addition, the WCJ found that Claimant was not forthcoming to her physicians regarding her previous injuries to her neck and back. F.F. Nos. 4(b), 5(a), 10, 12. In particular, the WCJ observed that Claimant's Physician and Dr. Lam were unaware that Claimant sustained neck and back injuries in 2009. F.F. No. 10. Consequently, she only accepted their diagnosis of work-related lumbar and cervical sprains and strains. Id. The WCJ may accept or reject the testimony of any witness, including a medical witness, in whole or in part. A&J Builders, Inc. v. Workers' Comp. Appeal Bd. (Verdi), 78 A.3d 1233 (Pa. 2013). Further, the WCJ's authority over questions of credibility, conflicting evidence and evidentiary weight is unquestioned. Id.

13

Ultimately, the WCJ found that Claimant's work-related lumbar and cervical sprains and strains resolved as of Claimant's Physician's October 24, 2011 report. F.F. No. 10. On cross-examination, Claimant's Physician testified that the diagnosis in her October 24, 2011 report, that Claimant's sprains and strains resolved, was a typographical error that she did not read. See Dep. of Francis C. Hunter, 6/19/12 (Hunter Dep.) at 39-40; R.R. at 160-61. However, the WCJ rejected this testimony as not credible. In making this credibility determination, the WCJ referenced IME Orthopedist's testimony that Claimant's Physician's October 10, 2011 report indicating that Claimant's sprains and strains were resolving, but were not quite there yet, which was consistent with a full resolution at the next visit. See F.F. No. 10; Meller Dep. at 24; R.R. at 241. The WCJ also stated the conclusion of full resolution of the injuries at the October 24 examination was consistent with the testimony of the IME physicians.

Although we are unable to locate Claimant's Physician's October 10 and 24, 2011 reports in the certified record, we note that under a long-recognized exception to the hearsay rule, a medical witness may express an opinion based upon medical records of others even if those records were not introduced into evidence so long as they are the type of record upon which the medical profession customarily relies in the practice of the profession. Empire Steel Castings, Inc. v. Workers' Comp. Appeal Bd. (Cruceta), 749 A.2d 1021 (Pa. Cmwlth. 2000) (citing Commonwealth v. Thomas, 282 A.2d 693 (Pa. 1971)). Such is the case here. IME Orthopedist indicated he reviewed Claimant's Physician's records "beginning 6/29/2011 through 10/24/2011." Certified Record, Meller Dep., 7/24/12, Ex. D-Meller-4 (summary of medical records reviewed, dated 7/27/12, at 3). Claimant's

Physician's records indicate: "1. Sprain and strain resolved." Id. Further, other than Claimant's Physician's discredited testimony that her October 24, 2011 report contained typographical errors, Claimant does not dispute the existence or contents of these reports. Therefore, we conclude the WCJ's determination that Claimant's sprains and strains resolved as of October 24, 2011 is adequately supported by the record. Empire Steel Castings.

Finally, although the WCJ did not elaborate on why she rejected Dr. Lam's opinion that Claimant sustained other work-related injuries as a result of the May 2011 incident, the WCJ's recognition that Claimant failed to advise Dr. Lam of her prior history of injuries constitutes a rational, objective basis for refusing to accept Dr. Lam's opinion that Claimant sustained other injuries related to the May 2011 work incident. Daniels; Dorsey.

In sum, the reasoned decision provision of the Act does not require a line-by- line analysis of each statement by each witness explaining how it affected the ultimate decision. Gumm v. Workers' Comp. Appeal Bd. (Steel), 942 A.2d 222 (Pa. Cmwlth. 2008). Here, the WCJ found Claimant's work-related cervical and lumbar sprains and strains resolved. The WCJ rejected Claimant's Physician's testimony that her October 24, 2011 diagnosis was merely a typographical error. We hold the WCJ articulated an objective basis for her necessary credibility determinations. Daniels; Gumm. Consequently, the WCJ's decision meets the reasoned decision requirement in Section 422(a) of the Act. Therefore, we affirm the Board's order.

ROBERT SIMPSON, Judge

15

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rashida Mathis, : 
                         Petitioner : 
                                       : 
          v. : No. 486 C.D. 2016
                                       : 
Workers' Compensation Appeal : 
Board (Southeastern Pennsylvania : 
Transportation Authority), : 
                    Respondent : 

## O R D E R

**AND NOW**, this 29th day of March, 2017, for the reasons stated in the foregoing opinion, the order of the Workers' Compensation Appeal Board is **AFFIRMED**.

 

                                      _____

                                       ROBERT SIMPSON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rashida Mathis,                          :

                Petitioner       :

                               :

          v.                     :

                               :

Workers' Compensation  Appeal      :

Board (Southeastern Pennsylvania     :

Transportation Authority),          :    No. 486 C.D. 2016

                Respondent     :    Submitted:  November 23, 2016


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                 HONORABLE JULIA K. HEARTHWAY, Judge
                 HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED

DISSENTING OPINION
BY JUDGE COSGROVE                FILED:  March 29, 2017


As I disagree with the Majority's determination that the Workers' Compensation Judge (WCJ) provided an appropriately reasoned decision, I must dissent.

Central to the Majority's affirmance is the failure of Rashida Mathis (Claimant) to advise Dr. Lam (the "board-certified anesthesiologist with a sub-practice in pain management" whom Claimant deposed) "of her prior history of injuries…" *See Majority Opinion,* slip op. at 4 and 15.  This failure alone, according to the Majority, is sufficient in and of itself to "constitute[] a rational, objective basis for refusing to accept Dr. Lam's opinion …"  *Id*., slip op. at 15.  Yet, in the same paragraph, the Majority admits "the WCJ did not elaborate on

why she rejected Dr. Lam's opinion that Claimant sustained other work-related injuries as a result of the May 2011 incident …" *Id.,* slip op. at 15. But this lack of "elaborat[ion]" is precisely what is violative of the requirement under Section 422(a) that the WCJ issue a reasoned decision.

The questions before us are simple: what injuries did Claimant sustain, and are they work related? Allowing the WCJ to short circuit the answer to these questions by not providing a full and completely reasoned decision flouts the purposes of the Workers' Compensation Act, which "must be liberally construed to effectuate its humanitarian objectives." *Peterson v. Workmen's Compensation Appeal Bd. (PRN Nursing Agency),* 597 A.2d 1116, 1120 (Pa. 1991) (collecting cases). As the WCJ and the Majority fail to accomplish this, I must dissent.

_____
JOSEPH M. COSGROVE, Judge