# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joyce Jackson,                          :
                                        :
                    Petitioner          :
                                        :
        v.                              :    No. 33 C.D. 2017
                                        :    Submitted: October 20, 2017
Workers' Compensation Appeal Board      :
(UPMC Presbyterian Shadyside),          :
                                        :
                    Respondent          :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                     **FILED:  January 10, 2018**


          Before this Court is the appeal of Joyce Jackson (Claimant) of the
December 13, 2016 order of the Workers' Compensation Appeal Board (Board) that
affirmed the August 25, 2015 decision of the Workers' Compensation Judge (WCJ)
granting the Termination Petition filed by UPMC Presbyterian Shadyside
(Employer) pursuant to the Workers' Compensation Act (Act).[1]  For the following
reasons, we affirm the order of the Board.

          On March 7, 2011, Claimant sustained a work-related left shoulder and
neck sprain while assisting a critical care patient.  (WCJ Opinion, Findings of Fact
(F.F.) ¶¶1, 7.)  Claimant underwent surgery to her left shoulder and rehabilitation.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2708.

(*Id*. F.F. ¶7.) Following her surgery, Claimant returned to her regular position in the medical intensive care unit (MICU) but was unable to handle a complete caseload and, in March of 2013, Claimant moved to a light duty position in nursing education. (*Id*.)

Claimant underwent independent medical evaluations (IME) by Dr. Jon Tucker in February and August of 2013. (*Id*. F.F. ¶¶10-11.) Dr. Tucker is a "Board Certified Orthopedic Surgeon who specializes in surgery to the joints, and he testified that 40 percent of his practice involves treatment of the shoulders." (*Id*. F.F. ¶8.) Dr. Tucker opined that Claimant was fully recovered and capable of returning to her pre-injury position without restriction. (*Id*. F.F. ¶¶10, 12.) The WCJ found Dr. Tucker's opinion that Claimant was fully recovered to be credible. (*Id*. F.F. ¶18.) The WCJ also discussed the testimony of Dr. Megan Cortazzo, who is board certified in Physical Medicine and Rehabilitation and Pain Management and treated Claimant 12 to 13 times between January 2013 and August 2014. (*Id*., F.F. ¶13.) The WCJ distinguished Dr. Cortazzo's testimony from Dr. Tucker's on the basis that Dr. Cortazzo:

> Admitted her diagnoses of the Claimant was [*sic*] based upon Claimant report of ongoing pain, with primarily subjective findings on exam. She acknowledged that there may be no end to her ongoing treatment, despite the fact that her own examinations of the Claimant have had full range of motion of the neck and shoulder and full motor strength. She found no impingement signs during her examinations of the Claimant. She agreed Claimant's surgery to her shoulder was successful, and Claimant simply complained of pain.

(*Id*. F.F. ¶17.) In crediting Dr. Tucker's opinion that Claimant was fully recovered, the WCJ rejected the Claimant's testimony that she is not capable of returning to her pre-injury job as not credible because the Claimant's testimony conflicted with the testimony of Dr. Tucker. (*Id*. ¶16.) Relying on these findings, the WCJ concluded in the August 25, 2015 decision that Employer had met its burden of establishing that Claimant was fully recovered from the March 7, 2011 work injury and could have returned to work without restriction as of Dr. Tucker's examination in February 2013 or, in the alternative, Dr. Tucker's second examination in August 2013. (*Id*. Conclusions of Law (C.L.) ¶2.) Claimant appealed the WCJ's decision to the Board and the Board affirmed. (*See* December 13, 2016 Board Decision and Order.) Claimant appealed to this Court for review of the Board's order.[2]

Claimant argues on appeal that the WCJ's opinion did not meet the "reasoned decision" standard established by Section 422(a) of the Act.[3] 77 P.S. §

_____

[2] This Court's review of an order of the Board is limited to determining whether the WCJ's findings of fact are supported by substantial evidence, whether an error of law was committed and whether constitutional rights were violated. *Bufford v. Workers' Compensation Appeal Board (North American Telecom)*, 2 A.3d 548, 551 (Pa. 2010).

[3] Section 422(a) of the Act provides:

> Neither the board nor any of its members nor any [WCJ] shall be bound by the common law or statutory rules of evidence in conducting any hearing or investigation, but all findings of fact shall be based upon sufficient competent evidence to justify same. All parties to an adjudicatory proceeding are entitled to a reasoned decision containing findings of fact and conclusions of law based upon the evidence as a whole which clearly and concisely states and explains the rationale for the decisions so that all can determine why and how a particular result was reached. The workers' compensation judge shall specify the evidence upon which the workers' compensation judge relies and state the reasons for accepting it in conformity with this section. When faced with conflicting evidence, the workers' compensation judge must adequately explain the reasons for rejecting or discrediting competent evidence. Uncontroverted evidence may not be rejected for no reason or for an

3

834. Claimant's argument in this regard is multi-fold. Claimant argues that: (a) the WCJ failed to explain why she rejected Claimant's testimony; (b) the WCJ did not discuss the functional capacity evaluations (FCE); (c) the WCJ failed to explain why she accepted the testimony of Dr. Tucker; (d) the WCJ placed the burden on Claimant to prove continuing disability; and (e) the WCJ failed to apprehend that the continuing disability was due to chronic pain. At bottom, however, the issue Claimant seeks to place before this Court is not one that is subject to appellate review. In workers' compensation proceedings, the WCJ is the ultimate finder of fact. *Dorsey v. Workers' Compensation Appeal Board (Crossing Construction Co.)*, 893 A.2d 191, 195 (Pa. Cmwlth. 2006), *appeal denied*, 916 A.2d 635 (Pa. 2007). As the ultimate finder of fact, the WCJ is charged with weighing the evidence, resolving conflicts in the evidence, and making credibility determinations. *Id.* The reasoned decision requirement in Section 422(a) of the Act does not alter the role of the WCJ or allow the Board or this Court to usurp the WCJ's role under the guise of appellate review; rather, Section 422(a) of the Act ensures that the WCJ's findings are based upon the evidence, guided by an articulable rationale, and devoid of whim or caprice. *Daniels v. Workers' Compensation Appeal Board (Tristate Transport)*, 828 A.2d 1043, 1052 (Pa. 2003).

The WCJ's decision contains an extensive summary of Claimant's testimony, including her education and job history, her responsibilities and duties within the MICU, her injury and treatment, and her current medical and employment

---

irrational reason; the workers' compensation judge must identify that evidence and explain adequately the reasons for its rejection. The adjudication shall provide the basis for meaningful appellate review.

77 P.S. § 834.

status. (WCJ Opinion, F.F. ¶7.) The WCJ stated, however, that "I reject the testimony of the Claimant to the extent she testified she is not capable of returning to her pre-injury job without restriction, I find that the medical opinions of Dr. Tucker establishes that the Claimant is fully recovered and can return to her pre-injury position without further restriction." (*Id*. F.F. ¶16.) This Court has concluded that a WCJ may satisfy the reasoned decision requirement where the WCJ summarizes the witness' testimony and articulates a logical, factual basis for her credibility determination. *Amandeo v. Workers' Compensation Appeal Board (Conagra Foods)*, 37 A.3d 72, 76 (Pa. Cmwlth. 2012). The WCJ's reasoning need not be lengthy but it must "spare the reviewing court from having to imagine why the WCJ believed one witness over another." *Lewis v. Workers' Compensation Appeal Board (Disposable Products)*, 853 A.2d 424 (Pa. Cmwlth. 2004); *see also Daniels*, 828 A.2d at 1054; *Dorsey*, 893 A.2d at 196. It is clear from the WCJ's opinion that she credited Dr. Tucker's medical opinions over the testimony offered by Claimant and Dr. Cortazzo because, as the WCJ stated, Dr. Tucker's "opinions are consistent with the objective evidence." (WCJ Opinon, F.F. ¶18.)

Claimant contends that objective medical evidence contradicting Dr. Tucker's conclusions existed in the form of the FCEs, spasm and trigger points observed by Claimant's treating doctors, and the scapular dyskinesis observed by Claimant's treating doctors, and that the WCJ failed to address this conflicting evidence. Yet, the findings of fact made by the WCJ refute Claimant's argument. The WCJ discusses Dr. Tucker's disagreement with the FCEs and his disagreement with the theory of trigger points. (*Id*. F.F. ¶¶11-12.) The WCJ also repeatedly notes in her findings of fact that Dr. Tucker did not observe any spasms during his examinations of Claimant. (*Id*.) Likewise, the WCJ stated that Dr. Tucker disagreed

5

with the diagnosis of scapular dyskinesia because "in order to diagnose this, you must visualize the shoulder as it involves abnormal kinetics of the shoulder…he did not see evidence of this during his exams." (*Id*. F.F. ¶12.) The crux of Claimant's argument is, therefore, not the failure of the WCJ to acknowledge and weigh conflicting evidence but the failure to give the evidence the weight that Claimant would afford it. Even if this Court would make the same findings as Claimant if it reweighed the evidence before the WCJ, the findings would be of no moment because the question of what weight should be afforded the evidence is one solely within the discretion of the WCJ and is not subject to appellate review.

Claimant also argues that the WCJ erred by placing the burden upon her to prove that she remains partially disabled and that the WCJ failed to discern that Claimant's disability was the result of chronic pain. In a termination petition, the employer bears the burden of proving that all work-related disability has ceased; if a claimant suffers from a continuing disability, the employer must show that there is no causal connection between the claimant's continuing disability and her work-related injury. *Baumann v. Workers' Compensation Appeal Board (Kellogg Company)*, 147 A.3d 1283, 1290 (Pa. Cmwlth. 2016); *Gallo v. Workmen's Compensation Appeal Board (United Parcel Services)*, 504 A.2d 985, 988 (Pa. Cmwlth. 1986).

In the instant matter, the WCJ found that Dr. Tucker did not give weight to Claimant's subjective complaints of pain because they did not correlate with any objective findings. (WCJ Opinion, F.F. ¶12.) The WCJ summarized the extensive medical history Dr. Tucker reviewed and the steps he took to seek out the cause of Claimant's pain during his examinations. (*Id*. F.F. ¶¶11-12.) The WCJ also found that "[o]n cross-examination, Dr. Tucker was asked if he felt Claimant was

6

magnifying her symptoms. Dr. Tucker said she was not, but he did fell [*sic*] there was pain behavior mannerisms during the exam. Those are findings that do not correlate with cognizable pathological problems." (*Id*. F.F. ¶ 12) The WCJ found that Dr. Cortazzo testified that Claimant's "trigger points do not necessarily have to be from trauma or surgery and can just be there on their own as they can be in anyone." (*Id*. F.F. ¶15.) The WCJ found that Dr. Cortazzo testified that, "Claimant's nerve pain does not follow the normal dermatomal pattern. Rather, it is diffuse, and does not follow the normal nerve pattern of pain. She agreed that this is certainly outside the normal medical expectation." (*Id*.) Finally, the WCJ found that Dr. Cortazzo agreed with Dr. Tucker that Claimant had a full range of motion of her neck and shoulder, full motor strength, and that the surgery had been successful. (*Id*.)

The WCJ's findings do not ignore the fact that both Dr. Tucker and Dr. Cortazzo testified to believing Claimant had ongoing experiences of pain. However, the WCJ credited Dr. Tucker's conclusion that there is no objective evidence that this ongoing pain is causally related to Claimant's work injury and the WCJ's findings reflect that Dr. Cortazzo's testimony fails to dispute Dr. Tucker's conclusion. To accept Claimant's argument as grounds to reverse the Board, we would once again have to reweigh the medical evidence before the WCJ and find that Dr. Tucker's testimony and medical opinion regarding Claimant's recovery is not credible. The reasoned decision requirement is not an avenue by which this Court may broaden its standard of review to include fact-finding, which is exactly what Claimant's argument seeks.

The decision of the WCJ leaves no doubt as to why she credited Dr. Tucker's testimony over that of the Claimant and Dr. Cortazzo and by doing so the

WCJ satisfied the reasoned decision requirement.  Accordingly, the order of the Board is affirmed.

_____
**JAMES GARDNER COLINS, Senior Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joyce Jackson,                              :
                                            :
                    Petitioner              :
                                            :
            v.                              :    No. 33 C.D. 2017
                                            :
Workers' Compensation Appeal Board          :
(UPMC Presbyterian Shadyside),              :
                                            :
                    Respondent              :

# **O R D E R**

AND NOW, this 10th day of January, 2018, the Order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby AFFIRMED.

_____
**JAMES GARDNER COLINS, Senior Judge**