IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Connor Soles, : 
               Petitioner : 
  : 
     v. : No. 123 C.D. 2022
  : Submitted: November 4, 2022
Garnet Valley School District, : 
(Workers' Compensation Appeal : 
Board), : 
              Respondent : 

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                            FILED: April 14, 2023

Connor Soles (Claimant) petitions this Court to review an adjudication of the Workers' Compensation Appeal Board (Board), affirming the decision of the Workers' Compensation Judge (WCJ). The WCJ denied Claimant's review petition and granted a petition filed by Garnet Valley School District (Employer) to terminate his disability benefits under the Workers' Compensation Act (Act).[1] Claimant argues that Employer failed to satisfy its burden of proving Claimant's full recovery based on legally insufficient testimony from its medical expert. Further, Claimant avers that the WCJ failed to issue a "reasoned" decision under the Act. After careful consideration, we affirm.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

# I. BACKGROUND[2]

Claimant worked as a paraprofessional for Employer.[3] In October 2019, he sustained a work-related injury when he was hit in the face with a basketball while monitoring students in the gym. Employer accepted the injury as a "contusion" via a Notice of Compensation Payable (NCP). *See* Bureau Docs., NCP, 11/18/19 (NCP). In April 2020, Employer filed a termination petition alleging Claimant's full recovery as of February 2020. In July 2020, Claimant filed a review petition, seeking to expand the NCP injury description to include post-concussion syndrome and cervical and left-shoulder injuries. The parties' respective petitions were consolidated for review before the WCJ.

For his part, Claimant testified by deposition and at the WCJ's virtual hearing. Concerning the incident, Claimant admitted that he did not fall off his chair when hit with the basketball and did not recall any bruising after he was hit. Claimant also described the aftermath of the injury, explaining that in January 2020, he twice attempted to return to his pre-injury position; however, he reinjured himself on one occasion and passed out on the other. He detailed symptoms such as developing multiple personalities, continued headaches, dizziness, difficulty with hearing and memory, mood swings, nausea, and vomiting.

Claimant also introduced testimony from his treating physician, Eric Lake, D.O., a board-certified family medicine doctor, who is also qualified in sports medicine. Dr. Lake opined that Claimant suffered severe head trauma and a cervical strain from the work-related injury. He testified that Claimant was not fully

---

[2] Unless stated otherwise, we adopt the factual background for this case from the WCJ Decision, which is supported by substantial evidence of record. *See* WCJ Dec., 7/6/2021.

[3] A paraprofessional is "a trained aide who assists a professional person (such as a teacher or doctor)." *Paraprofessional,* MERRIAM-WEBSTER.COM, https://www.merriam-webster.com/dictionary/paraprofessional (last visited April 13, 2023).

2

recovered from the work injury and could not return to his pre-injury position without restriction.

In response, Employer presented the medical testimony of Bryan DeSouza, M.D., a board-certified neurologist, who performed an Independent Medical Examination (IME) on Claimant in February 2020. Dr. DeSouza stated that Dr. Lake's report contained "a lot of contradictions . . . that don't have any anatomical . . . or neurological basis." Dep. of Bryan DeSouza, M.D., 9/11/20, at 42. According to Dr. DeSouza, Claimant sustained a facial contusion from his work injury but showed no signs of ongoing concussion, or injury to his head, brain, or cervical spine. Dr. DeSouza testified that Claimant had fully recovered from his work injury, could return to work without restriction, and required no further medical treatment following the work injury.

Employer also offered the testimony of Jeffrey Malumed, M.D., a board-certified orthopedic surgeon, who performed a second IME on Claimant in September 2020. Dr. Malumed testified that Claimant's examination revealed "multiple findings of symptom magnification." Dep. of Jeffrey Malumed, M.D., 2/8/21, at 20. Dr. Malumed opined that Claimant's physical examination was normal, making it inconceivable that the work injury caused a left-shoulder injury but possible that he sustained a neck strain or sprain from which he had fully recovered. He testified that Claimant required no further medical treatment and could return to work without restriction.

In reviewing the evidence, the WCJ credited the testimonies of Drs. DeSouza and Malumed. The WCJ rejected Dr. Lake's testimony, finding it vague and incomplete and, further, that Drs. DeSouza and Malumed were more qualified

3

to opine on Claimant's injury. The WCJ also found Claimant neither credible nor convincing based on his behavior and demeanor at the hearing.

Based on these findings, the WCJ granted Employer's termination petition, finding that Claimant had fully recovered from the work-related injury. The WCJ also denied Claimant's review petition, finding that he had failed to meet his burden of showing that he suffered additional injuries. Claimant appealed to the Board, which affirmed the WCJ's decision, and then Claimant petitioned this Court for review.[4]

## II. ISSUES

Claimant presents two issues on appeal. First, he contends that Employer presented insufficient evidence to show that his work injury had resolved. *See* Claimant's Br. at 17-20. Claimant also asserts that the WCJ failed to issue a "reasoned" decision on the review petition under Section 422(a) of the Act, 77 P.S. § 834. *Id*. at 20-26. Employer responds that substantial, competent evidence exists to support the WCJ's decision to grant Employer's termination petition and deny Claimant's review petition. *See generally* Employer's Br. at 18-31.

## III. DISCUSSION

Claimant challenges factual findings and credibility determinations of the WCJ. The WCJ serves as the ultimate factfinder and has exclusive authority to decide evidentiary weight, render credibility determinations, and resolve conflicts of evidence. *Dep't. of Corr.- SCI Chester v. Faison*, 266 A.3d 714, 736 (Pa. Cmwlth. 2021). Our authority in these matters is limited to whether the record contains

---

[4] Our review is limited to determining whether an error of law was committed, constitutional rights were violated, and necessary findings of fact are supported by substantial evidence. *Montano v. Advance Stores Co., Inc. (Workers' Comp. Appeal Bd.)*, 278 A.3d 969, 976 n.3 (Pa. Cmwlth. 2022).

evidence that a reasonable person might find sufficient to support the WCJ's factual findings. *Id*. "[W]here there is substantial evidence to support a WCJ's factual findings, and those findings in turn support conclusions, it should remain a rare instance in which an appellate court would disturb an adjudication . . . ." *Id*. (internal citation omitted).

**A. Sufficient Evidence Supports Termination of Claimant's Benefits**

Claimant asserts that the WCJ erred in terminating his disability benefits. *See* Claimant's Br. at 17-20. According to Claimant, Employer had accepted that Claimant suffered multiple head injuries when he was hit by a basketball. *Id*. at 19. Based on this premise, Claimant argues that Dr. DeSouza's failure to acknowledge all of the injuries accepted by Employer rendered his testimony incompetent and insufficient to establish that Claimant had fully recovered. *Id*.

To prevail in terminating disability benefits, an employer bears the burden of proving that a claimant's disability has ceased. *Baumann v. Workers' Comp. Appeal Bd. (Kellogg Co.)*, 147 A.3d 1283, 1289 (Pa. Cmwlth. 2016). An employer's medical witness must acknowledge the NCP-accepted injury and reach an opinion that the claimant has fully recovered from that injury. *GA & FC Wagman, Inc. v. Workers' Comp. Appeal Bd. (Aucker)*, 785 A2d 1087, 1092 (Pa. Cmwlth. 2001). To testify competently, an employer's medical expert must, at minimum, be aware of the claimant's injury. *Elberson v. Workers' Comp. Appeal Bd. (Elwyn, Inc.)*, 936 A.2d 1195, 1200 (Pa. Cmwlth. 2007).

It is also sufficient if the medical expert assumes the presence of the work-related injury and then evaluates whether the claimant remains disabled. *Id*. at 1199. Similarly, where a medical expert opines that the claimant has fully

recovered from *any* injury the claimant may have suffered, the expert's doubts concerning injury causation do not render the opinion invalid. *To v. Workers' Comp. Appeal Bd. (Insaco, Inc.),* 819 A.2d 1222, 1224-25 (Pa. Cmwlth. 2003).

Here, Employer accepted that Claimant suffered a contusion to multiple parts of his head. *See* NCP.[5] Appropriately, Dr. DeSouza acknowledged that Claimant "sustained a contusion of the face" when he was hit with a basketball. Dep. of Dr. DeSouza at 49. During Claimant's physical examination, Dr. DeSouza observed "no bruises, no cuts, no abrasions in the areas that [Claimant] said he was hit." *Id*. at 25. He also reported that Claimant's diagnostic tests were normal and revealed no evidence of a facial or head contusion, concussion, head injury, cervical spine impairment, or medical or neurological proof of brain injury. *Id.* at 31-32, 49. He concluded that "[C]laimant was fully recovered from any and all injuries that he sustained[.]" *Id.* at 50. Thus, not only did Dr. DeSouza credibly testify that Claimant had fully recovered from his contusion, but Dr. DeSouza also considered the possibility the Claimant may have suffered other injuries never acknowledged by Employer and, based upon his examination and the diagnostic results, concluded that Claimant had fully recovered. Accordingly, Dr. DeSouza's testimony was competent and sufficient to establish that Claimant's disability had ceased. *See Baumann*; *To*; *Elberson*.

### B. The WCJ Issued a Reasoned Decision

Claimant also contends that the WCJ failed to issue a reasoned decision supported by substantial evidence. *See* Claimant's Br. at 20-26. Principally,

---

[5] We reject Claimant's contention that he suffered a "multiple head injury" *and* a "contusion." *See* Claimant's Br. at 5, 19. The NCP clearly delineates both the "[p]art of the body injured" and the "[n]ature of injury." *See* NCP. Read properly, it is clear that Claimant sustained a contusion to multiple parts of his head. *See id.*

6

according to Claimant, the WCJ credited Employer's medical testimonies as persuasive and rejected the medical testimony of Claimant's expert, Dr. Lake, without sufficient explanation. *Id*. at 23-24. Thus, Claimant requests that this Court reverse the WCJ's denial of his review petition or remand this matter for further consideration. *Id*. at 26.

Section 422(a) of the Act requires a WCJ's decision to "clearly and concisely state[] and explain[] the[ir] rationale." 77 P.S. §824. A decision is sufficiently reasoned where "it allows for adequate review by the [Board] without further elucidation and if it allows for adequate review by the appellate courts under applicable review standards." *Daniels v. Workers' Comp. Appeal Bd. (Tristate Transp.)*, 828 A.2d 1043, 1052 (Pa. 2003). "[T]he purpose of a reasoned decision is to spare the reviewing court from having to *imagine* why the WCJ believed one witness over another." *Dorsey v. Workers' Comp. Appeal Bd. (Crossing Const. Co.)*, 893 A.2d 191, 196 (Pa. Cmwlth. 2006) (emphasis in original) (internal citation omitted). The WCJ must provide an objective basis for his credibility determinations, *see id*., and the factual findings must have a rational basis in the evidentiary record. *Green v. Workers' Comp. Appeal Bd. (US Airways)*, 28 A.3d 936, 942 (Pa. Cmwlth. 2011). Deference is generally afforded to factfinders given the "comparative advantage" they possess over an appellate court to assess witness demeanor and review probative factors that affect testimony like temperament, occupation, intelligence, and experience. *Daniels,* 828 A.2d. at 1052.

Upon reviewing the record, we reject Claimant's assertions. The WCJ explained that Claimant's demeanor and behavior at the virtual hearing were unconvincing and contradictory to the more credible medical evidence as presented by other witnesses. *See* WCJ Dec., F.F. at 15a-b. Despite Dr. Lake's additional

7

qualification in sports medicine, the WCJ found that his primary practice of family medicine rendered him less qualified to opine on Claimant's injuries than Drs. DeSouza and Malumed, whose respective primary specialties are neurology and orthopedics. *See* WCJ Dec., F.F. at 12a, 16a, 17a. The WCJ rejected Dr. Lake's diagnosis of Claimant's severe head injury, finding it to be incomplete without cognitive examination results, and uncredible because it primarily relied on Claimant's unsupported, subjective complaints. *Id* at 16b-e. *See* Dep. of Dr. DeSouza at 25-31, 48, 65 (reporting that Claimant's tests showed no evidence of brain injury, which was consistent with the injury mechanism which did not result in a loss of consciousness or lacerations).

The WCJ also found Dr. Lake's diagnosis of Claimant's cervical injury unlikely. *See* WCJ Dec. at 16h. *See* Dep. of Dr. Malumed, at 21-22 (testifying that Claimant's symptom magnification and normal physical examination showed full recovery from any possible sprain); *see also* Dep. of Dr. DeSouza at 32, 50 (opining that the injury did not impair Claimant's cervical spine). Finally, no medical experts opined that Claimant injured his shoulder from being hit in the head with a basketball. WCJ Dec. at 17c. *See* Dep. of Dr. Malumed at 20 (testifying that a shoulder injury was impossible from the mechanism of injury described). Accordingly, we need not imagine how the WCJ resolved the conflicting evidence because he articulates a rational, objective basis for his credibility determinations, which are supported by substantial evidence of record. *See Daniels; Green; Dorsey*. Thus, the WCJ's decision is sufficiently reasoned. 77 P.S. § 834.

## IV. CONCLUSION

Here, Employer satisfied its burden of proving Claimant's full recovery through the testimony of its medical expert, who addressed and resolved Claimant's

NCP-accepted injury. *See Elberson*. Moreover, the WCJ's opinion on Claimant's review petition was sufficiently "reasoned" under Section 442(a) of the Act based on the WCJ's well-explained credibility determinations. 77 P.S. § 834. Discerning neither error of law nor abuse of discretion, we affirm.

_____
LORI A. DUMAS, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Connor Soles,                            :
                    Petitioner          :
                                         :
        v.                               :    No. 123 C.D. 2022
                                         :
Garnet Valley School District,           :
(Workers' Compensation Appeal            :
Board),                                  :
                    Respondent          :

## **O R D E R**

AND NOW, this 14th day of April, 2023, the order of the Workers' Compensation Appeal Board, entered January 12, 2022, in the above-captioned matter is AFFIRMED.

_____
LORI A. DUMAS, Judge